IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LISA JACKSON-BARRON,
   *Plaintiff*,

v.

BALTIMORE, MARYLAND
DEPARTMENT OF HUMAN
RESOURCES, *et al.*,
   *Defendants*.

Civil Action No. ELH-11-3494

**MEMORANDUM OPINION**

Lisa Jackson-Barron, the self-represented plaintiff, has filed two complaints in this consolidated case, both arising out of an investigation into allegations that she had witnessed her grandchildren being sexually molested by their mother and failed to intervene. The allegations as to plaintiff were subsequently deemed to be unfounded. Jackson-Barron's 2011 Complaint asserted claims against the "Baltimore, Maryland Department of Human Resources" and the "New York City Administration for Children's Services," for slander and defamation, as well as claims under various provisions of the New York Penal Law § 240. *See* Complaint (ECF 1) ("2011 Complaint"). Jackson-Barron's 2012 Complaint asserted identical claims against the "Attorney General Litigation Office of Baltimore, Maryland," and the "Attorney General Litigation Office of New York." *See* Complaint, Docket No. 12-cv-0546 (ECF 1) ("2012 Complaint").[1] She seeks damages in the amount of $700,000, as well as expungement of alleged

---

[1] I refer to the "Baltimore, Maryland Department of Human Resources" and the "Attorney General Litigation Office of Baltimore, Maryland," collectively, as the "MD Defendants." I refer to the "New York City Administration for Children's Services" and the "Attorney General Litigation Office of New York," collectively, as the "NY Defendants."

state records pertaining to the case, and unspecified "restitution" for harm suffered by her grandchildren, who were "forced to live in foster care." *See* 2011 Complaint; 2012 Complaint.

Motions to dismiss have been filed by representatives of both sets of state defendants.[2] *See* ECF 19, 24. Jackson-Barron has filed a Response (ECF 31), to which the NY Defendants have replied (ECF 32). Because the state agencies named as defendants in this case are immune from suit under the Eleventh Amendment, this Court lacks jurisdiction over Jackson-Barron's claims. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Accordingly, I will grant both motions, and dismiss the consolidated case in its entirety.

**Discussion**

The Eleventh Amendment presents a jurisdictional bar against suit of a state or its agencies in federal court, unless immunity has been expressly waived by the state or abrogated by Congress. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-55 (1996) ("For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States was not contemplated by the Constitution when establishing the judicial power of the United States.") (internal quotation marks and citation omitted); *Pennhurst*, 465 U.S. at 100 ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Sovereign immunity in federal court extends to claims premised upon a state's alleged violation of state law. *Bragg v. W. Va. Coal Ass'n*, 248 F.3d 275, 293 (4th Cir. 2001) (citing *Pennhurst*, 465 U.S.

---

[2] Both motions contend, in part, that this Court lacks subject matter jurisdiction over Jackson-Barron's claims. In any event, a court may dismiss a complaint for lack of subject matter jurisdiction, *sua sponte*. *See Wye Oak Technology, Inc. v. Republic of Iraq*, 666 F.3d 205, 218 (4th Cir. 2011).

at 106).  As the MD Defendants and NY Defendants observe, no waiver or abrogation of either state's sovereign immunity is applicable in this case.

Here, neither state has waived immunity to suit in federal court for Jackson-Barron's tort claims.  "New York State has consented to be sued in tort . . . in the New York State Court of Claims—and only in the New York State Court of Claims."  *Reaves v. City of New York*, No. 1:98-CV-5708 RMB, 1999 WL 34757074, at *4 (S.D.N.Y. Sept. 30, 1999) (citations omitted).  And, Maryland has only waived its sovereign immunity for certain tort claims under the Maryland Tort Claims Act, *see Dixon v. Balt. City Police Dep't*, 345 F. Supp. 2d 512, 513 (D. Md. 2003), so long as a claimant files a written claim with the Treasurer in accordance with the law.  *See* Md. Code (2009 Repl. Vol., 2012 Supp.), State Gov't Article § 12-106.  Filing of this notice of claim is mandatory, and failure to do so bars any suit against the state.  *Barbre v. Pope*, 402 Md. 157, 175, 935 A.2d 699, 710 (2007).  Jackson-Barron has not filed the requisite claim.  *See* Affidavit of Sharon Barry, State Treasurer Designee, MD Defendants' Motion to Dismiss, Exh. A (ECF 19-2).  Therefore, the tort claims against both the MD Defendants and the NY Defendants must be dismissed for lack of jurisdiction.

Furthermore, to the extent that Jackson-Barron's state law claims may be construed as claims asserted under 42 U.S.C. § 1983, the Supreme Court has made clear that Congress did not intend to abrogate a state's Eleventh Amendment immunity under § 1983.  *See Quern v. Jordan*, 440 U.S. 332, 341 (1979).  Thus, this Court lacks jurisdiction over such claims asserted against these defendants.

Additionally, I am not aware of any provision by which either state waived immunity to suit under the New York Penal Law.  Indeed, there is no private right of action established by the

New York Penal Law.  *See, e.g.*, *Stampf v. Long Island R.R. Auth.*, No. 07-cv-3349, 2011 WL 3235704, at *14 n.9 (E.D.N.Y. July 28, 2011) (holding no private right of action exists under NY Penal Law § 240.50).  This indicates that New York did not waive sovereign immunity to the type of claim advanced by Jackson-Barron.  *Cf. Goldstar (Panama) S.A. v. United States*, 967 F.2d 965, 968 (4th Cir. 1992) (holding that, because Hague Convention did not create a private right of action for breach, it could not constitute a waiver of sovereign immunity). Consequently, this Court lacks jurisdiction over any such claims.

## Conclusion

For the foregoing reasons, the motions to dismiss (ECF 19, 24) will be granted. Therefore, the complaints are dismissed as to all defendants, without prejudice to plaintiff's rights, if any, to pursue her claims in the appropriate state court systems.  A separate Order, consistent with this Opinion, follows.

Date: November 27, 2012                      _____/s/_____
                                             Ellen Lipton Hollander
                                             United States District Judge